**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TIMOTHY DOYLE YOUNG,**

        **Plaintiff,**

    v.                                          CASE NO. 19-3203-SAC

**DEPARTMENT OF JUSTICE, et al.,**

        **Defendants.**

## O R D E R

Plaintiff Timothy Doyle Young is a federal prisoner held at the U.S.P.-Max-ADX in Florence, Colorado. He brings this *Bivens*[1]-type civil rights action against the Department of Justice, the United States of America, the unnamed Regional Director[2], the unnamed regional administrative remedy coordinator, the unnamed administrative remedy clerk, and the unnamed acting administrative coordinator.

### Nature of the Complaint

Plaintiff alleges that defendants have violated his constitutional rights by (1) transmitting falsified records by mail and wire communications to cover up deliberate indifference to his medical needs by unnamed Department of Justice employees; (2) deliberately concealing criminal acts by falsifying records, committing perjury, and allowing unnamed violators to maintain their employment; and (3) abusing their discretion by creating an exemption for all fraud by employees. He also alleges in Grounds 4 and 5 that 28 U.S.C. § 1915(g), the three-strikes provision in the federal in

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] The Court construes this to refer to the Regional Director of the federal Bureau of Prisons.

forma pauperis statute, is unconstitutional. The complaint provides no specific claims of conduct by the defendants and seeks unspecified relief.

**Discussion**

Plaintiff is subject to the "three-strikes" provision of 28 U.S.C. § 1915(g)[3]. *See In re Timothy Doyle Young*, 382 Fed.Appx. 148, 2010 WL 2178514 (3d Cir. June 1, 2010) and *Young v. United States*, 2014 WL 2515586 (S.D. Ohio June 4, 2014)(listing qualifying strikes). Accordingly, he may proceed in forma pauperis only if he shows that he is in imminent danger of serious physical injury.

The Court has examined the complaint and exhibits and finds that plaintiff has not made the necessary showing. While parts of the complaint refer to delays in providing medical care, the plaintiff's allegations broadly assert malfeasance in administrative actions such as record-keeping and grievance processing. But plaintiff has not identified specific conduct by any defendant that subjects him to an imminent threat of serious harm, as he must to overcome the bar imposed by 28 U.S.C. § 1915(g).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is denied leave to proceed in forma pauperis. Plaintiff is granted to and including November 15, 2019, to submit the $400.00 filing fee to the clerk of the court.

---

[3] 28 U.S.C. § 1915(g) provides: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

DATED:  This 15th day of October, 2019, at Topeka, Kansas.


                            S/ Sam A. Crow
                            SAM A. CROW
                            U.S. Senior District Judge